# Commonwealth, Appellant, *v.* Hudson Coal Company.

Argued May 25, 1949. Before MAXEY, C. J., LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Joseph Marzzacco,* with him *M. Louise Rutherford,* Deputy Attorney General and *T. McKeen Chidsey,* Attorney General, for appellant.

*Francis D. Mahon,* with him *R. S. Houck,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, June 24, 1949:

The Department of Labor and Industry appealed from the decree of the Court of Common Pleas of Lackawanna County which sustained preliminary objections to plaintiff's amended complaint. Appellant sued defendant in assumpsit for the sum of $947 charged them as fees for "certificates of operations" alleged necessary before certain boilers owned and used by appellee in its mines and collieries could be lawfully operated under the provisions of the Boiler Inspection Act, Act of May 2, 1929, P. L. 1513, as amended 1937, P. L. 912 and 1662, 35 PS §1301. Inasmuch as the boilers were insured against loss from explosion by a company authorized to insure boilers, appellant sued under section 6 of the Boiler Inspection Act, supra, which provides that a one dollar fee is collectible for each certificate issued. It is admitted that the boilers used by the defendant were insured by a company authorized to insure boilers in accordance with the provisions of the Anthracite Mining Law, Act of June 2, 1891, P. L. 176, 52 PS §391, et seq., as amended.

Defendant objected on the grounds: first, that the defendant's steam boilers are not subject to the Boiler Inspection Act of 1929, as amended, supra, but are governed by the provisions of Art. V, secs. 1 to 4, of the Anthracite Mine Law; and, secondly, that they are not liable for the fees charged irrespective of the application of the Boiler Inspection Act to their boilers because the complaint does not aver that these certificates were

issued. It is conceded that the certificates were not in fact issued. Both objections were sustained, and the complaint dismissed.

Section 9 of the Boiler Inspection Act provides that "Every inspector shall forward to the department a full report of each and every inspection made of any boiler, showing the exact condition of the said boiler. If this report indicates that the said boiler is in a safe condition to be operated, the department shall issue a certificate of operation for a pressure not to exceed that named in the said report of inspection, which certificate shall be valid for thirteen months after the date of inspection. No boiler may be lawfully operated without having such certificate conspicuously posted in the boiler room or adjacent to such boiler."

Section 11 of the Boiler Inspection Act, as amended May 27, 1937, P. L. 912, §1, and June 20, 1947, P. L. 716, §1, provides that "The fee for the certificate of operation for all insured and uninsured boilers shall be two dollars." The same section provides that when boilers are inspected by inspectors of the department additional fees are charged. Section 6 provides that if a boiler is insured by a company authorized to insure boilers, the only fee collectible is one dollar. The boilers of the defendant company were all insured by a company authorized to insure boilers, and at the period covered by the Commonwealth's claim, one dollar was the prescribed fee for the required certificate.

Plaintiff's amended complaint sets forth that the Department of Labor and Industry of the Commonwealth "charged to the Defendant the fees prescribed in said Act for certificates of operation of the said boilers so used and maintained by the Defendant." Attached and made a part of the complaint was "a detailed and itemized statement showing the location of the boilers for which certificates of operation were required, the dates and numbers of the invoices rendered charging the De-

fendant therefor together with the amounts charged therefor."

Nowhere does the Commonwealth plead that the defendant's boilers were inspected as required by the Boiler Inspection Act, or that the required certificates of operation were issued to the defendant by the Department of Labor and Industry. The only statutory basis for collecting the fees sued for is the issuance of the certificates of operation. Failure to plead that such certificates were issued by the Department is fatal to the Commonwealth's claim in this case.

The question whether or not the steam boilers used in and about defendant's collieries are subject to the Boiler Inspection Act of May 2, 1929, P. L. 1513, as amended by the Act of June 5, 1937, P. L. 1662, need not be decided in this proceeding, and we do not decide it.

The judgment of the court below is affirmed.